IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-110 |
| ) | |
| KHALED MIAH ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said district, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned an eight-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 - 5 | Interstate Threats | 18 U.S.C. § 875(c) |
| | On or about December 27, 2020 (Count 1) | |
| | On or about December 28, 2020 (Count 2) | |
| | On or about December 29, 2020 (Count 3) | |
| | On or about December 30, 2020 (Count 4) | |
| | On or about December 31, 2020 (Count 5) | |
| 6-7 | Influencing and/or Retaliating Against a Federal Officer by Threat | 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4) |
| | On or about December 30, 2020 (Count 6) | |
| | On or about December 31, 2020 (Count 7) | |
| 8 | Destruction, Alteration or Falsification of Records in a Federal Investigation | 18 U.S.C. § 1519 |
| | From on or about October 5, 2020 to on or about January 1, 2021 | |

FILED

MAR 16 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

### A. As to Counts One - Five:

In order for the crime of Interstate Threats, in violation of Title 18, United States Code, Section 875(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly sent a message in interstate commerce.

2. That the message contained a true threat to injure the person of another; that is, the defendant transmitted a communication that a reasonable person would view as a threat; and,

3. That the defendant transmitted the communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat.

> Elonis v. United States, 135 S.Ct. 2001, 2012 (2015); United States v. Elonis, 841 F.3d 589, 596 (3d Cir. 2016).

### B. As to Counts Six and Seven:

In order for the crime of Influencing and/or Retaliating Against a Federal Officer by Threat, in violation of Title 18, United States Code, Sections 115(a)(1)(B) and 115(b)(4), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant threatened to assault, kidnap or murder an agent of the Federal Bureau of Investigation;

   a. with the intent to impede, or interfere with such agent while engaged in the performance of official duties, or

b.     with intent to retaliate against such agent on account of the performance of official duties.

> United States v. Orozco-Santillan,
> 903 F.2d 1262, 1265 (9th Cir. 1990).

Title 18, United States Code, Section 115(a)(1)(B).

### C. As to Count Eight:

In order for the crime of Destruction, Alteration or Falsification of Records in a Federal Investigation, in violation of Title 18, United States Code, Section 1519, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant knowingly altered, destroyed, mutilated, concealed, covered up falsified or made a false entry in any record, document, or tangible object.

2. The defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of the Federal Bureau of Investigation, which is an agency of the United States.

Title 18, United States Code, Section 1519.

## III. PENALTIES

### A. As to Counts One - Five: Interstate Threats (18 U.S.C. § 875(c)):

1. A term of imprisonment of not more than five (5) years.

2. A fine of not more than $250,000.00 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of not more than three (3) years.

4. Any or all of the above.

3

**B. As to Counts Six – Seven: Influencing and/or Retaliating Against a Federal Officer by Threat (18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4)):**

1. Imprisonment for not more than ten (10) years for a threat to kidnap or murder; imprisonment for not more than six (6) years for a threat to assault.

2. A fine not to exceed $250,000;

3. A term of supervised release of not more than three (3) years.

**C. As to Count Eight: Destruction, Alteration or Falsification of Records in a Federal Investigation (18 U.S.C. § 1519):**

1. A term of imprisonment of not more than twenty (20) years.

2. A fine of not more than $250,000.

3. A term of supervised release of not more than three (3) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

4

## VI. **FORFEITURE**

Forfeiture is not applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

*/s/ Jessica Lieber Smolar*

JESSICA LIEBER SMOLAR
Assistant U.S. Attorney
PA ID No. 65406
