IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 21-110 |
| KHALED MIAH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

  Defendant Khaled Miah is charged in an eight-count Indictment with five counts of making threatening interstate communications in violation of 18 U.S.C. § 875(c), two counts of threatening to assault FBI agents in violation of 18 U.S.C. § 115(a)(1)(B), and one count of obstruction of justice in violation of 18 U.S.C. § 1519. (Docket No. 33). Jury selection and trial are scheduled to commence on November 15, 2021. (Docket No. 75).

  Presently before the Court is Defendant's Motion for Juror Questionnaire and Permitting Attorney Conducted Voir Dire, which is opposed by the Government. (Docket Nos. 80, 81, 83, 93). Defendant first requests that the Court employ a juror questionnaire in advance of jury selection in this case, and he has filed the questionnaire he proposes to utilize. (Docket Nos. 80, 83). Defendant submits that a juror questionnaire is necessary because his case has "attracted media attention," and "as a Muslim-American, [he] is sensitive to issues of race in his quest to sit a fair and impartial jury." (Docket No. 81 at 2). Additionally, Defendant requests that the attorneys be permitted to conduct voir dire because they "are likely to be more familiar with the numerous details of fact and law in the case" and also because jurors supposedly are less likely to be candid about their biases when being questioned by a judge than by counsel. (*Id.* at 5). For reasons that follow, Defendant's Motion will be denied.

1

Initially, it is important to note that "[t]he Sixth Amendment guarantees a right to . . . trial by an impartial jury . . . , but does not accord the right to either the prosecution or the defense to have voir dire conducted in such a way as to mold the jury in a way that the jury will be receptive to counsel's case." *United States v. Serafini*, 57 F. Supp. 2d 108, 112 (M.D. Pa.1999) (internal quotation marks and citation omitted). Accordingly, the Supreme Court has "repeatedly emphasized" that jury selection is "particularly within the province of the trial judge." *Skilling v. United States*, 561 U.S. 358, 386 (2010) (citations omitted). *See also United States v. Manfredi*, Crim. No. 07-352, 2009 WL 3634083, at *1 (W.D. Pa. Oct. 30, 2009) ("A district court has broad 'discretion in determining how best to conduct the voir dire.' ") (quoting *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 153 (3d Cir. 1995)). Likewise, a district court has discretion in determining whether to use a juror questionnaire in conjunction with the voir dire process. *See* LCrR 24.2 ("In its discretion, the Court may require potential jurors to complete a questionnaire before the formal voir dire process commences."); *Serafini*, 57 F. Supp. 2d at 111 ("Whether to allow written questionnaires to be submitted to prospective jurors in advance of the jury selection date, and the content of any such questionnaire, falls within the wide discretion accorded to the trial court in conducting voir dire."). The district court has considerable discretion in the voir dire process because "the trial judge is in the best position to assess the credibility and demeanor of the prospective jurors." *Manfredi*, 2009 WL 3634083, at *1 (quoting *Kirk*, 61 F.3d at 153).

Turning first to Defendant's request for attorney conducted voir dire, Federal Rule of Criminal Procedure 24, which provides the procedure for empaneling a criminal jury, reflects the considerable discretion granted to the district court in the voir dire process. Rule 24(a)(1) states that "[t]he court may examine prospective jurors or may permit the attorneys for the parties to do so." Fed. R. Crim. P. 24(a)(1). If the court examines the jurors, it must permit counsel for the

parties to: "ask further questions that the court considers proper; or submit further questions that the court may ask if it considers them proper." Fed. R. Crim. P. 24(a)(2).  To that end, "[t]here is no error in the conduct of the voir dire by the court, provided that the attorneys are permitted to submit additional written questions to the trial judge so that they can be submitted to the prospective jurors if deemed 'proper' by the trial judge." *United States v. Rabb*, 394 F.2d 230, 233 (3d Cir. 1968) (citing Fed R. Crim. P. 24(a)).

This District's Local Criminal Rules of Court likewise reflect the discretion granted to the trial judge in conducting voir dire, providing that jury selection in a criminal case is governed by Federal Rules of Criminal Procedure 23 and 24 and by such procedures established by the trial judge.  *See* LCrR 24.2.  In this case, the Court's Pretrial Order specifies, among other matters, that "[c]ounsel are permitted to supplement the standard questions provided that the proposed supplemental voir dire questions are submitted to the Court in writing by October 15, 2021.  Voir dire questions will be asked by the Court . . . ." (Docket No. 75 at 4, ¶ A.7).

Because jury selection is "particularly within the province of the trial judge," *Skilling*, 561 U.S. at 386, the Court will exercise its discretion to conduct voir dire in this case in accordance with Federal Rule of Criminal Procedure 24(a)(1), this District's Local Criminal Rules and the Pretrial Order.  As required by Rule 24(a)(2)(B), the Court has invited the parties to submit their own proposed questions for the potential jurors, which the Court will review and include appropriate questions with its standard voir dire.  *See Rabb*, 394 F.2d at 233.  Given these procedures, the Court-led voir dire process to be employed in Defendant's case will provide sufficient constitutional safeguards to ensure that a fair and impartial jury is selected.

Moving on to Defendant's request to employ a juror questionnaire, in the exercise of its discretion, the Court concludes that it is not necessary to use a questionnaire in this case.  First, as

observed in *Manfredi*, "this case is not the type in which juror questionnaires have traditionally been employed in this District as it is not a capital case and has not had a substantial amount of publicity." *Manfredi*, 2009 WL 3634083, at *1 (citing capital cases or those garnering extensive publicity because the defendant was a well-known public figure locally and nationally). Despite noting that this case has "attracted media attention" and citing certain examples of it, Defendant does not contend that any such news media coverage has been recent or extensive. (Docket No. 81 at 2). As accurately observed by the Government, "[l]ike most federal criminal matters, one can find articles related to this case upon conducting targeted searches in news media, but this case is not so highly publicized to require any deviation from the Pretrial Order, rules, and long-standing jury empaneling practices." (Docket No. 93 at 4). Furthermore, even if this case had drawn substantial pretrial publicity, the Supreme Court instructs that " 'primary reliance on the judgment of the trial court makes [especially] good sense' because the judge 'sits in the locale where the publicity is said to have had its effect' and may base her evaluation on her 'own perception of the depth and extent of news stories that might influence a juror.' " *Skilling*, 561 U.S. at 386 (quoting *Mu'Min v. Virginia*, 500 U.S. 415, 427 (1991)). Thus, this Court is in the best position to orally inquire whether prospective jurors know anything about the case and evaluate same.

Next, oral voir dire dialogue between the Court and prospective jurors is important and necessary because it "affords those present an ability to assess impartiality through 'the prospective juror's inflection, sincerity, demeanor, candor, body language, and apprehension of duty,' which assessment cannot be matched through reliance upon a written record." *United States v. Montes*, Crim. No. 5:12CR29-01-02, 2013 WL 1347284, at *3 (N.D. W.Va. Apr. 3, 2013) (quoting *Skilling*, 561 U.S. at 386)). Accordingly, the Court believes that in-person oral voir dire will afford "a more intimate and immediate basis for assessing the venire member's fitness for jury service," *id.*

4

(quoting *Skilling*, 561 U.S. at 386-87), that otherwise cannot be gleaned from reviewing written responses to a juror questionnaire.  *See also Manfredi*, 2009 WL 3634083, at *2 (recognizing that oral voir dire permits the defendant and counsel "to observe jurors' reactions and body language in response to questioning" and "enable[s] them to fully evaluate the potential jurors including the ability to observe the many subtleties of human interaction that can be lost in a writing").  Moreover, in conducting oral voir dire, the Court "will be sensitive to the jurors' needs to the extent that individual voir dire is needed."  *Id.*

Finally, Defendant's proposed juror questionnaire containing 83 questions is very lengthy.  Notably, some proposed questions are similar to those set forth in the Local Rules, which either are to be asked of prospective jurors or should be asked as appropriate.  *See* LCrR 24.2(B), (C).  Overall, the Court concludes that the information sought to be derived from the use of a juror questionnaire can be obtained through the oral voir dire process.

In sum, the Court, in its discretion, believes that the administration of justice in this case is best achieved through the use of Court-conducted oral voir dire.  In the Court's estimation, such a voir dire process is the most fair, impartial and efficient way to select the jury in this case.  To reiterate, the parties may provide proposed supplemental voir dire questions in accordance with the Court's Pretrial Order.  In order to facilitate an orderly voir dire process, the Court will provide the parties a written version of the oral voir dire questions and address any objections to the questions in advance of jury selection.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 8th day of September, 2021, IT IS HEREBY ORDERED that Defendant's Motion for Juror Questionnaire and Permitting Attorney Conducted Voir Dire (Docket No. 80) is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record