IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-110 |
| | ) | Judge W. Scott Hardy |
| | ) | |
| KHALED MIAH | ) | |

RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
REQUESTING SANCTIONS FOR SPOILATED EVIDENCE

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar and Nicole Ann Stockey, Assistant United States Attorneys for said District, and Dmitriy Slavin, Trial Attorney, National Security Division and files this Response in Opposition to Defendant's Motion *in Limine* Requesting Sanctions for Spoilated Evidence (Dkt. No. 151).

The FBI interviewed Defendant Khaled Miah based on his online activity. Soon after, Miah deleted individual tweets and entire Twitter accounts. He created new Twitter accounts/profiles, posted more tweets (some of which threatened FBI agents) then quickly deleted those too. A federal grand jury indicted him for obstruction of justice for these alterations and deletions. Now, in an ironic twist, Miah blames the Government for not having the tweets he successfully destroyed. He also brazenly asks for sanctions against the Government for not foiling his unlawful conduct. The Government had no duty here and did all it could. Anything more would have been in violation of the law and FBI policy. Miah's motion should be denied.

During their investigation of Miah, the FBI issued preservation letters to Twitter. These letters preserve already-posted private tweets and direct messages in case they are deleted before the

1

Government could obtain a search warrant. Twitter must comply with these preservation letters under 18 U.S.C. §2703(f)(1), which states: "A provider of wire or electronic communication services or a remote computing service, upon the request of a governmental entity, shall take all necessary steps to preserve records and other evidence in its possession pending the issuance of a court order or other process." Under 18 U.S.C.§2703(f)(2), Twitter must preserve the records for 90 days and the Government can issue an extension request for another 90 days.

The FBI issued multiple preservation requests for Miah's accounts to Twitter.[1] The Bureau sent the last of these on December 23, 2020. Before the 90-day period ended, on February 3, 2021, the Government served Twitter with a federal search warrant for the accounts. But by that time, Miah had altered and deleted many tweets and several accounts. Twitter informed the Government that the data was gone for good.

Miah now claims that the Government failed to properly preserve the data and should be sanctioned for spoliation. His Motion is without legal or factual support. He cites no case that is even remotely analogous and points to no specific evidence that these tweets or data from Twitter would have been exculpatory. He blames the Government for not preserving evidence that he destroyed. He further blames the Government for not preserving evidence it did not have, not taking actions that would have violated laws and policies, and not forcing Twitter to break federal wiretap laws. And he completely ignores that there is one person who was in possession of all the evidence and in position to preserve it: Khaled Miah.

"Spoliation occurs where: [1] the evidence was in the party's control; [2] the evidence is

---

[1] August 12, 2020 for @AbuUmarSinai, @Lugenpresse and @Quassemsol; November 23, 2020 for @54marienstrasse and @Bruhkhaled; and December 23, 2020 for @ServiceFederal. Miah later changed the names of some of these accounts. All preservation letters have been previously produced to counsel for defendant.

relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and [4], the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv. Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). At most, Miah can satisfy one of these four prongs.

The first requirement of spoilation is that the evidence be in the Government's control. The evidence in question was in Miah's and Twitter's control. That fact alone renders Miah's motion meritless. For spoilation to apply, it is "essential" that the evidence sought be in the opposing party's control. *See Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995). Here, it wasn't.

Miah improperly argues that the Government effectively had control of the tweets because it had the power to compel Twitter to preserve them. [*See* Motion, Dkt. No. 151, at 6.] But the Government had no such power. It had issued a preservation request on December 23, 2020. This data didn't exist then. The Government could not renew the request until 90 days later: March 23, 2021. By that time, the data was gone.

Miah faults the Government for the preservation requests not applying prospectively. [*See* Motion at 2.] He is mistaken. Section 2703(f) only allows for preservation of information that is in the possession of the service provider. The FBI's Domestic Investigations and Operations Guide explains: "the authority to direct providers to preserve records and other evidence is not prospective. Thus, 18 USC 2703(f) letters can order a provider to preserve records that have already been created but cannot order providers to preserve records not yet made." Federal Bureau of Investigation, "Domestic Investigations and Operations Guide. [2] ". Indeed, a

---

2  Updated September 28, 2016 (available at

3

preservation request that requires an entity to preserve future communication in real-time would be a wiretap. If Twitter preserved the tweets on its own, it would arguably be in violation of 18 U.S.C. § 2511. That Section prohibits the interception of electronic transmissions, which is what the live-preservation of Miah's private tweets and direct messages would be. Such interception could only be authorized through action under the Foreign Intelligence Surveillance Act. *See* 18 U.S.C. § 2511(2)(a)(ii).

There was thus no feasible alternative to capture Miah's real-time online activity except the one the FBI took: screenshots. In many instances, Miah deleted tweets soon (e.g., minutes) after he posted them. According to Twitter, deleted content is very difficult to retrieve. [*See* Exh.1: December 23, 2020 email from Twitter support.] The only way for the Government to require Twitter to protect new Tweets from deletion would be to constantly (and instantly) issue preservation requests, which would be practically unfeasible and an end-run around the wiretap statutes.

The Government had no control of these tweets and, thus, no ability, much less a duty, to preserve them. Miah cites no case to the contrary. His cases are in different worlds. *Golden Trade, S.r.L. v. Lee Apparel Co.* is a discovery dispute in a civil patent case that says nothing about spoilation. 143 F.R.D. 514, 525 (S.D.N.Y. 1992). *Arizona v. Youngblood* involved physical evidence that police had collected (and did not find the Government at fault for its literal spoiling when it was not properly refrigerated). 488 U.S. 51, 58–59 (1988). *Zubulake v. UBS Warburg LLC* involved a corporation's own documents in a civil case. 220 F.R.D. 212, 218 (S.D.N.Y. 2003). Miah has no case that comes even close to finding that the Government

---

https://vault.fbi.gov/FBI%20Domestic%20Investigations%20and%20Operations%20Guide%20%28DIOG%29)

has control of evidence stored on the servers of an independent third party and fully in the defendant's control. And for good reason—such a case would reward the defendant's successful destruction of evidence and obstruction of justice by sanctioning the Government for failing to stop it.

The second requirement for spoliation is that the evidence is relevant to a claim or a defense in the case. Miah fails to show that too. The FBI preserved as much of the accounts as it could via screenshot, including all the tweets charged in the Indictment. Miah suggests that there were other relevant statements on the account, as well as reactions and comments of other users. [*See* Motion, Dkt. No. 151, at 7–8.] But he does not support his Motion with a single specific example. He should know what was there since it was his account. He should be able to give examples of relevant and exculpatory information that he deleted and was not preserved. He fails to do so.

The third requirement of spoliation is that the case involves actual suppression of the evidence. Under this crucial element of spoliation, the Court must find the opposing party acted in bad faith to suppress or withhold evidence. *Bull*, 665 F.3d at 73; *Brewer*, 72 F.3d at 334 ("For the [spoliation] rule to apply ... it must appear that there has been an actual suppression or withholding of the evidence. No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for."). Since the Government never had possession of the evidence, it did not suppress it. And the failure to produce the evidence falls mainly on the party who altered and then destroyed it: Miah.

The final requirement for spoliation is that the duty to preserve the evidence was reasonably

foreseeable to the party. Seeing as there is no case that states that the Government has any duty to preserve evidence under the control of the defendant and a third party, it could not have reasonably foreseen that it had one. What's more, the Government had no way of knowing that the parties who controlled this information, namely Miah and Twitter, would not have it at the time that it properly served legal process. The Government followed law and applicable policy by issuing preservation requests and following up with a search warrant.

Two parties had access to the evidence Miah now seeks. The first, Twitter, produced all it had when served with a warrant. The second, Miah, broke the law by altering and destroying it. Thanks to the FBI's screenshots, his first attempt to keep evidence from his Twitter accounts out of Court failed. Now he makes a second attempt via motion. It should meet the same fate.

Miah's Motion for Sanctions should be denied.

                                 Respectfully submitted,

                                 STEPHEN R. KAUFMAN
                               Acting United States Attorney

By:    *s/ Jessica Lieber Smolar*
        JESSICA LIEBER SMOLAR
        Assistant United States Attorney
        PA ID No. 65406

        *s/ Nicole Ann Stockey*
        NICOLE ANN STOCKEY
        Assistant United States Attorney
        PA ID No. 306955

        *s/ Dmitriy Slavin*
        Dmitriy Slavin
        Trial Attorney
        National Security Division
        Counterterrorism Section
        DC 1017559