IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 21-110 |
| KHALED MIAH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Defendant Khaled Miah is charged in an eight-count Indictment with the following: five counts of making interstate threats to injure FBI agents, in violation of 18 U.S.C. § 875(c); two counts of influencing and/or retaliating against FBI agents by threat, in violation of 18 U.S.C. § 115(a)(1)(B); and one count of altering and deleting records in a federal investigation, in violation of 18 U.S.C. § 1519. (Docket No. 33). Jury selection and trial are scheduled to commence on December 7, 2021. (Docket No. 109). Presently before the Court is the Government's Motion in Limine to Limit Defendant's Mental Health Expert Testimony, which is opposed, in part, by Defendant. (Docket Nos. 147, 167). For reasons that follow, the Government's Motion will be granted.

The Government moves, pursuant to Federal Rule of Evidence 704(b), to preclude Defendant's mental health expert witness, Dr. Stephen N. Xenakis, from testifying as to the ultimate issue of Defendant's mental state constituting an element of any charged offense. (Docket No. 147 at 2). As outlined in the Government's Motion, Dr. Xenakis states in his expert report that: Defendant's "thought disorder affected his ability to perceive that his statements constituted threats as interpreted by observers and readers;" and Defendant's "statements are inappropriate on close review but lack any indication of endangering or threatening individuals." *Id.* (citing Docket

1

No. 79-2 at 6). The Government submits that these statements and opinions go to the ultimate issue of Defendant's mental state constituting an element of the charged § 875(c) offenses,[1] thus Dr. Xenakis should be precluded from presenting these or similar statements and opinions during his testimony at trial. (*Id.*).

In response, the defense agrees that "Dr. Xenakis cannot opine as to the second statement as to whether the statements themselves are threatening," and defense counsel has committed that he "will refrain from any questions that might elicit this information, and will caution Dr. Xenakis from independently offering such an opinion." (Docket No. 167 at 1). The defense disagrees, however, that Dr. Xenakis cannot offer an opinion that Defendant's mental health condition "affected his ability to perceive that his statements constituted threats as interpreted by" others. (*Id.*). According to Defendant, Dr. Xenakis does not opine that he did not intend his words as a threat, nor does Dr. Xenakis opine that he possessed the knowledge that his words could be perceived as a threat, which is the ultimate issue. (*Id.* at 2). Further, Defendant contends that the ultimate inference does not follow from Dr. Xenakis' opinion because his testimony does not preclude the possibility that Defendant had sufficient capacity to make a threat. (*Id.* at 2-3).

In analyzing this issue, the Court must be mindful of the elements of 18 U.S.C. § 875(c), which is the charged offense that is the subject of the Government's Motion pertaining to Dr. Xenakis' testimony. To that end, the Third Circuit Court of Appeals has held that § 875(c) "contains both a subjective and objective component, and the Government must satisfy both in order to convict a defendant under the statute." *United States v. Elonis*, 841 F.3d 589, 596 (3d Cir.

---

[1] Additionally, to the extent Dr. Xenakis intends to testify regarding Defendant's mental state concerning any other offenses charged in the Indictment, the Government maintains that any such testimony also should be excluded under Fed. R. Evid. 704(b). (Docket No. 147 at 2, n.2). The Government is correct that any testimony by Dr. Xenakis as to any of the offenses charged in the Indictment which does not comport with Rule 704(b) and controlling Third Circuit authority interpreting the Rule's requirements, as discussed herein, is inadmissible.

2016). Accordingly, to establish that Defendant violated § 875(c), as charged in each of Counts One through Five of the Indictment, the Government must prove beyond a reasonable doubt that he "transmitted a communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat" (the subjective component) and that he "transmitted a communication that a reasonable person would view as a threat" (the objective component). *Id.*

The Government seeks to prohibit Dr. Xenakis from testifying as to Defendant's mental state constituting an element of the § 875(c) offenses (or any charged offense) under Rule 704(b). Rule 704(b) provides that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). "Rule 704(b) applies to all instances in which expert testimony is offered as to mental state or a condition constituting an element of the crime charged or defense thereto." *United States v. Watson*, 260 F.3d 301, 308 (3d Cir. 2001) (citation omitted). The Third Circuit Court of Appeals has explained the contours of Rule 704(b) as follows:

> There is, however, "a [fine] line that expert witnesses may not cross." *United States v. Mitchell*, 996 F.2d 419, 422 (D.C. Cir. 1993). . . . Expert testimony is admissible if it merely "support[s] an inference or conclusion that the defendant did or did not have the requisite mens rea, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony." *United States v. Bennett*, 161 F.3d 171, 183 (3d Cir. 1998) (quoting *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997)). "It is only as to the last step in the inferential process-a conclusion as to the defendant's mental state-that Rule 704(b) commands the expert to be silent." *United States v. Dunn*, 846 F.2d 761, 762 (D.C. Cir. 1988).
>
> Rule 704(b) may be violated when [counsel's] question is plainly designed to elicit the expert's testimony about the mental state of the defendant, *Boyd*, 55 F.3d at 672, or when the expert triggers the application of Rule 704(b) by directly referring to the defendant's intent, mental state, or mens rea, *United States v. Lipscomb*, 14 F.3d 1236, 1240 (7th Cir. 1994). Rule 704 prohibits "testimony from which it necessarily follows, if the testimony is

credited, that the defendant did or did not possess the requisite mens rea." *Bennett*, 161 F.3d at 182 (quoting *Morales*, 108 F.3d at 1037).

*Id.* at 308-09.

Here, Dr. Xenakis' statement that Defendant's "thought disorder affected his ability to perceive that his statements constituted threats as interpreted by observers and readers" goes to § 875(c)'s subjective component; that is, whether he "***transmitted a communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat***." *Elonis*, 841 F.3d at 596 (emphasis added). Dr. Xenakis' statement goes beyond merely assisting the jury, explaining the nature of Defendant's thought disorder, or describing the typical effect of Defendant's thought disorder on his mental state.[2] *See Bennett*, 161 F.3d at 183. Rather, the statement conveys Dr. Xenakis' opinion on the ultimate issue: that Defendant's mental health disorder affected his ability to perceive that his statements constituted threats as interpreted by others, which, in this Court's estimation, is equivalent to stating that Defendant did not possess the requisite subjective intent to commit the § 875(c) offenses charged in the Indictment.[3] This is impermissible under Rule 704(b). *See* Fed. R. Evid. 704(b) ("In a criminal case, an expert witness

---

[2] As discussed, Defendant's subjective intent is an element of the charged § 875(c) offenses that is directly at issue in this case. Dr. Xenakis' statement opining that Defendant's thought disorder affected his ability to perceive that his statements constituted threats as interpreted by others is an opinion on the ultimate issue concerning Defendant's subjective intent, rather than an opinion from which the jury could conclude or infer whether he had the requisite subjective mental state. *See United States v. Davis*, 726 F.3d 434, 446 (3d Cir. 2013) (Rule 704(b) does not prevent an expert from giving testimony that "supports a conclusion that the defendant had the necessary state of mind" as long as the expert does not "draw the ultimate conclusion for the jury."); *Bennett*, 161 F.3d at 183 n.4 (quoting *United States v. Richard*, 969 F.2d 849, 854-55 (10th Cir.1992) ("The rule does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state.")).

[3] Defendant argues that the ultimate inference does not follow from Dr. Xenakis' opinion because his testimony "does not preclude the possibility that [Defendant] had sufficient capacity to make a threat." (Docket No. 167 at 2-3). The Court disagrees. Dr. Xenakis unequivocally states that Defendant's "thought disorder affected his ability to perceive that his statements constituted threats as interpreted" by others, thus constituting the last inferential step and rendering it inadmissible under Third Circuit authority applying Rule 704(b).

4

must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged.").

Based on the foregoing, the Court enters the following Order:

AND NOW, this 16th day of November, 2021, IT IS HEREBY ORDERED that the Government's Motion in Limine to Limit Defendant's Mental Health Expert Testimony (Docket No. 147) is GRANTED.

IT IS FURTHER ORDERED that Defendant's mental health expert, Dr. Stephen N. Xenakis, is precluded from testifying at trial as to the statements and opinions specifically discussed herein, or otherwise testifying as to an opinion about whether Defendant did or did not have a mental state or condition that constitutes an element of any of the offenses charged in the Indictment.

<u>s/ W. Scott Hardy</u><br>
W. Scott Hardy<br>
United States District Judge

cc/ecf:  All counsel of record