IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-110 |
| ) | |
| KHALED MIAH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

      Presently before the Court is the Government's Motion in Limine to Preclude Defendant's Own Hearsay Testimony and Impermissible Character Evidence (Docket No. 149) and Defendant's Opposition thereto (Docket No. 168).  In its Motion, the Government requests that the defense be precluded from introducing Defendant's own non-self-inculpatory statements that the Government argues would be inadmissible hearsay, as well as testimony regarding Defendant's good character that the Government argues would be improper character evidence.  In response to the Government's Motion, defense counsel indicates that he foresees the possibility of introducing Defendant's statements for non-hearsay reasons, that they may be offered to show Defendant's then-existing state of mind under Federal Rule of Evidence 803(3), and that Defendant's expert, Dr. Xenakis, may testify regarding his opinions based on such statements under Federal Rule of Evidence 703.  Defense counsel also asserts that the Court need not make a determination at this time regarding the admissibility of Rule 404(a) character trait evidence because the defense cannot decide yet whether to offer such evidence in its case in chief.

      Upon consideration of the Government's Motion, the Court notes that its requests are vague and lacking in specificity.  The Motion refers to broad categories of possible testimony, but it does not identify specific testimony to which the Government objects and which the Court could

properly consider at this time.  Without knowing the specific content of the testimony at issue, the Court is unable to determine whether such evidence should be excluded under the Federal Rules of Evidence.  Likewise, the admissibility of character evidence is not yet ripe.  The Court will therefore deny the Motion without prejudice, and if testimony that the Government considers inadmissible is offered at trial, objections may be raised at that juncture, at which time the Court can better evaluate the testimony's admissibility in light of its content and purpose.  *See Bernheisel v. Mikaya*, No. 3:13-CV-01496, 2016 WL 4247795, *3 (M.D. Pa. Aug. 9, 2016) (denying without prejudice plaintiff's motion in limine to exclude testimony where lack of information about what testimony the defendants might attempt to elicit at trial and the relevance of such testimony made motion premature).

      Based on the foregoing, the Court enters the following Order:

      AND NOW, this 17th day of November, 2021, IT IS HEREBY ORDERED that the Government's Motion in Limine to Preclude Defendant's Own Hearsay Testimony and Impermissible Character Evidence (Docket No. 149) is DENIED WITHOUT PREJUDICE.

                                       *s/ W. Scott Hardy*
                                       W. Scott Hardy
                                       United States District Judge

cc/ecf:  All counsel of record