IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 21-110 |
| KHALED MIAH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

The Government made an oral request at the final pretrial conference to keep potential juror names off the permanent trial record and instead simply refer to them verbally by juror number during *voir dire*, to which Defendant objected. (Docket No. 226). The parties subsequently submitted legal memoranda supporting their respective positions. (Docket Nos. 230, 236). For the reasons set forth herein, the Court grants the Government's request and will conduct jury selection so that potential jurors are verbally referenced by juror number and not by name and that their names are not otherwise made permanently available as part of the trial record. However, the Court, counsel for the parties and Defendant will be provided the potential jurors' names and other standard background information as part of the jury selection process.

The Third Circuit Court of Appeals has noted that juror anonymity promotes impartial, dispassionate jury verdicts:

> [E]ven in routine criminal cases, veniremen are often uncomfortable with disclosure of their names and addresses to a defendant. The need for such information in preparing an effective defense is not always self-evident. . . . [J]ury anonymity promotes impartial decisionmaking.
>
> \*   \*   \*
>
> Because the [jury] system contemplates that jurors will inconspicuously fade back into the community once their tenure is completed, anonymity would seem entirely consistent with, rather than anathema to, the jury concept. . . . [T]he probable merits

1

of the anonymous jury procedure are worthy, not of a presumption of irregularity, but of disinterested appraisal by the courts.

*United States v. Eufrasio*, 935 F.2d 553, 574 (3d Cir. 1991) (quoting *United States v. Scarfo*, 850 F.2d 1015, 1023 (3d Cir. 1988)).  District courts within the Third Circuit, including this District, have empaneled anonymous and partially anonymous juries.[1]

A trial court has discretion to permit an anonymous jury without holding an evidentiary hearing if the court believes there is potential for juror apprehension, so long as the defendant is afforded a full *voir dire* inquiry.  *Eufrasio*, 935 F.2d at 574.  A court's decision to empanel an anonymous jury is entitled to particular deference.  *Id.*, *see also United States v. Stewart*, 325 F. Supp. 2d 474, 498 (D. Del. 2004), *aff'd*, 179 F. App'x 814 (3d Cir. 2006).  Factors courts consider when making this decision include: (1) pretrial publicity from prior related cases; (2) any history of violence by the defendant; (3) the severity of the charges facing the defendant; and (4) any claims that the defendant previously intimidated witnesses.  *Stewart*, 325 F. Supp. 2d at 498.

Here, the jury will be presented at trial with evidence that Defendant responded to the FBI's investigation into him by posting on the internet information and photographs he found on-line about the FBI agents (who are likely witnesses in this case), their families, and even their pets. Moreover, Defendant's charged conduct includes threatening violence against these federal officials in retaliation for them doing their jobs.  This Court finds that such circumstances[2] may

---

[1] *See e.g.*, *United States v. Solomon*, 387 F. App'x 258 (3d Cir. 2010) (Western District of Pennsylvania); *United States v. Cole*, 246 F. App'x 112 (3d Cir. 2010) (same); *United States v. Walker*, 392 F. App'x 919 (3d Cir. 2010) (Eastern District of Pennsylvania); *United States v. Stewart*, 325 F. Supp. 2d 474 (D. Del. 2004); *United States v. Escalante-Melgar*, No. 16-453, 2020 WL 968091 at *15 n. 13 (D.N.J. Feb. 28, 2020).

[2] The Court further notes that the publicly available record in this case also contains references to allegations that Defendant possessed and consumed violent materials including images and videos of human beheadings, that he practiced with guns, that he posted on-line messages on topics such as violence against women, Jews, and African Americans, that he recorded and posted on-line that he followed a female ROTC student around the campus of the University of Pittsburgh, that he surreptitiously photographed and recorded his Uber/Lyft customers, and that he conducted internet research on the Magistrate Judge who signed search warrants issued in this case.  (*See e.g.*, Docket Nos. 113 and 187).  These references in the record further support the reasonable likelihood of potential juror apprehension.

generate more than enough juror apprehension, particularly about what Defendant may do with their identities after the conclusion of this case, to warrant taking reasonable measures to preclude juror names from being placed on the permanent trial record. *Eufrasio*, 935 F.2d at 574; *Walker*, 392 F. App'x at 924-25; *United States v. Savage*, Crim. No. 07-550, 2012 WL 4068341 at *2 (E.D. Pa. Sept. 14, 2012).

Defendant opposes the Government's request, contending that the "request does not match its reasoning;" that this case does not involve an organized crime group, charges for extremely violent crimes, or extensive trial publicity to justify the Government's request; that it would be suggestive to the jurors that this case is "high profile" when it is not and that their service may cause them undesired publicity or that Defendant is a danger to jurors and thus undermine his presumption of innocence; and, finally, that *voir dire* has already been limited in several respects. (Docket No. 236).  The Court disagrees.

First, controlling Third Circuit precedent clearly defers to the sound discretion of the trial judge as to whether empaneling an anonymous jury[3] is justified because of the potential for juror apprehension given the facts and circumstances in a particular case. *See Eufrasio*, 935 F.2d at 574. While pretrial publicity[4] or a defendant's violent history are two factors the Court may consider,

---

[3] The Government has not requested an anonymous jury in this case. Here, the potential jurors' full names and other standard background information will be available to Defendant and his counsel throughout jury selection.

[4] The Court agrees with Defendant's characterization that pretrial publicity in this case has been minimal. Even so, merely referring to potential jurors verbally by their numbers rather than by their names hardly suggests that their service may cause them undesired publicity. The Court's finding of potential juror apprehension is not based on any media attention or publicity. Moreover, while Defendant cites *United States v. Wecht*, 537 F.3d 222, 238 (3d Cir. 2008), for the proposition that courts must balance the interest in juror privacy with the press's First Amendment right of access, this argument is misplaced here. First, there are no media intervenors in this case, and such a right nonetheless is distinct from Defendant's Sixth Amendment right to challenge the use of an anonymous jury. The Defendant supplies no controlling precedential authority allowing him to prevent such a slight modification of typical jury selection procedures in this context. *See Walker*, 392 F. App'x at 925 n.7. Second, *Wecht* is also inapplicable here because, in that case, the district court had not articulated "the necessary findings and consideration of alternatives to overcome" First Amendment considerations. *See Solomon*, 387 F. App'x at 261. Unlike that case, such findings are articulated here and in this Court's view those findings support granting the Government's request.

these are not the only relevant factors.  The Court may also consider both the severity of the charges Defendant faces and claims that he previously intimidated witnesses.  Here, both of these factors are present and intertwined based upon the charged offenses and the anticipated trial evidence. The Court believes that the current record, the charges at issue, and the anticipated evidence likely to be presented in this case are reasonably likely to cause juror apprehension sufficient to justify granting the Government's request.

Second, the Defendant has not identified how his ability to undertake a full *voir dire* inquiry would be infringed.  The Government's request here merely seeks to prevent the names of potential jurors from being verbalized or otherwise retained on the publicly available permanent trial record.  Defendant and his counsel will be provided the full written jury list for use during the jury selection process, including prospective jurors' full names and other customarily supplied background information, in accordance with LCrR 24.1.  Further, Defendant had the opportunity to propose supplemental *voir dire* questions, (*see* Docket No. 136), and the Court has informed the parties that it intends to incorporate the substance of many of those proposed questions for use during the jury selection process including approximately twenty (20) questions to be asked in open court and an additional seven (7) questions (plus any necessary follow-up questions) to be conducted individually in private.  Defendant and his counsel will be physically present throughout jury selection, including during private questioning of potential jurors.  Indeed, Defendant and his counsel will be afforded the full opportunity to exercise their peremptory challenges intelligently.[5]

---

[5] Defendant contends that *voir dire* is already being limited in this case because the Court previously denied his requests to deploy an extensive written questionnaire and to permit direct questioning by counsel. (*See* Docket No. 95).  Nothing about the instant ruling limits or otherwise changes Defendant's full participation in the jury selection process as he and his counsel will have real-time access to all potential jurors' names and other customarily supplied background information, they will be present physically throughout the *voir dire* process when potential jurors are posed numerous questions, including the substance of certain questions proposed by Defendant, and they will have the ability to propose further follow-up questions as deemed appropriate by the Court. To the extent Defendant's Response is construed as a request to reconsider the Court's Memorandum Order dated September 8, 2021, such request is denied as there is no intervening change in the controlling law, there is no new evidence that had

*See Walker*, 392 F. App'x at 924-25. Moreover, nothing about the Government's requested process will be evident to the potential jurors as being different from the so-called normal conventions of jury selection typically utilized in this District. Even so, the Court will give the prospective jurors a neutral reason for verbalizing their identities simply by number rather than by name.

In sum, Defendant fails to identify any impediment to his full participation in the *voir dire* process, nor does he demonstrate any other reason why granting the Government's request would prejudice him in any way. Accordingly, jury selection will be conducted without verbalizing prospective jurors' names, and their names will not be made permanently available as part of the trial record.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 7th day of December, 2021, IT IS HEREBY ORDERED that the Government's oral motion (Docket Nos. 226, 230) to conduct jury selection without verbalizing potential jurors' names and to keep those names off of the permanent trial record is GRANTED; and,

IT IS FURTHER ORDERED that potential juror names shall not be verbalized during jury selection and their names shall not otherwise appear on the permanent public trial record; however, Defendant and his counsel will be provided the full written jury list for use during the jury selection process, including prospective jurors' full names and other customarily supplied background information.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

---

not been available when the Court issued its earlier Order, and there is no need to correct a clear error of law or fact, or to prevent a manifest injustice. *See United States v. Banks*, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).