IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 21-110 |
| KHALED MIAH, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL TENTATIVE FINDINGS AND RULINGS**

The Court issued its Tentative Findings and Rulings in this case on September 19, 2022, in which it ruled upon numerous objections to the Presentence Investigation Report ("PIR") that had been lodged by Defendant Khaled Miah. (Docket No. 317). Relevant here, Defendant had objected to the PIR's statement that Special Agent ("SA") Nick Edquist's wife is a victim in this case. (*See* Docket Nos. 287, ¶ 25; 291 at 16). Defendant's objection was premised on the fact that the charges in the Indictment relate to his Twitter posts that referred to, and were directed to, FBI agents, not SA Edquist's wife. (Docket No. 291 at 16). In support of Defendant's position that SA Edquist's wife is not a victim, he cited Black's Law Dictionary's definition of "victim" as "[a] person harmed by a crime, tort, or other wrong." (*Id.*, n. 1). Defendant also cited the definition of "crime victim" contained in the Crime Victims' Rights Act ("CVRA") as "a person directly and proximately harmed as a result of the commission of a Federal offense. . . ." 18 U.S.C. § 3771(e)(2)(A). (*Id.*).

The Court ruled that SA Edquist's wife qualifies as a "victim" under either definition cited by Defendant. (Docket No. 317 at 19). In so ruling, the Court noted that trial testimony revealed

1

how Defendant's threats directed at SA Edquist also were directed at Mrs. Edquist and impacted them such that they had to make adjustments in their daily lives in response to Defendant's conduct. (*Id.* at 19-20). The Court further stated, "[t]he fact that Defendant's conduct personally impacted SA Edquist's wife to the point that she had to adjust her daily life indicates that she was harmed by Defendant's crime (as a victim is defined in Black's Law Dictionary) and she was directly and proximately harmed as a result of Defendant's commission of federal offenses (as a victim is defined in the CVRA)." (*Id.* at 20). Consequently, the Court concluded that SA Edquist's wife is properly listed as a victim in the Victim Impact section of the PIR. (*Id.*).

On October 12, 2022, the Probation Office filed a Second Addendum to the PIR, (Docket No. 328), indicating that it had received a Victim Impact Statement from Mrs. Edquist wherein she explains how Defendant's conduct affected her and her family, but she did not request restitution. The Victim Impact Statement was forwarded to the Court and counsel under separate cover.

On October 13, 2022, Defendant filed an objection to the Second Addendum to the PIR, (Docket No. 329), objecting to the PIR's inclusion of Mrs. Edquist's Victim Impact Statement. Defendant reiterates that Mrs. Edquist is not a victim of his threats of conviction under the definition of "crime victim" in the CVRA because those threats are not the proximate, or actual, cause of her fear or discomfort regarding him. (*Id.* at 1).

Upon further consideration of the CVRA's definition of "crime victim," the Court is compelled to modify its prior ruling on this matter. As stated, under the CVRA, a "crime victim" is "a person directly and proximately harmed ***as a result of the commission of a Federal offense***." 18 U.S.C. § 3771(e)(2)(A) (emphasis added). Considering this plain language, Mrs. Edquist was

2

not directly and proximately harmed as a result of the commission of a federal offense, that is, the threats of conviction charged in Counts One through Five of the Indictment, which occurred between December 27 and December 31, 2020. Rather, to be more precise, Mrs. Edquist was impacted by Defendant's conduct which occurred prior to the threats of conviction (*i.e.*, his online conduct toward her and SA Edquist in the fall of 2020) for reasons the Court previously stated in its Tentative Findings. (*See* Docket No. 317 at 20, n.7).

Despite modifying this ruling, the Court must repeat an important point previously stated in the Tentative Findings. To reiterate, even if Mrs. Edquist is not a "crime victim" as defined in the CVRA, Defendant has not identified any authority that would limit the Government's presentation of witness at sentencing only to "crime victims" under the definition he cites. (*See* Docket No. 317 at 20, n.8). Defendant ignores the legal authority the Court cited in support of that conclusion, and now requests that the Court not consider Mrs. Edquist's Victim Impact Statement, suggesting that it would be punishing Defendant based on Mrs. Edquist's fears, which he submits is inappropriate for several reasons he outlines. (*See* Docket No. 329 at 2-3).

As the Court previously observed, "applicable statutes and case law reflect an inclusive approach to information permitted at sentencing." *United States v. Miles*, Crim Nos. 1:17-CR-241, 1:08-CR-49, 2020 WL 4206145, at *3 (M.D. Pa. July 22, 2020) (citing 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Salutric*, 775 F.3d 948, 951-52 (7th Cir. 2015) (finding no error by sentencing court in considering impact statements from non-named victims of uncharged, additional wrongdoing); *United States v. Baylin*, 535 F. Supp.

3

1145, 1151 (D. Del. 1982) (noting that courts have "almost unfettered discretion in determining what information" they will hear and rely on at sentencing, provided that information is accurate)). The Sentencing Guidelines likewise provide that a court has broad authority to consider any information about the defendant unless specifically prohibited by law. *See* U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."). Given this authority, the Court is not precluded from considering Mrs. Edquist's Victim Impact Statement.[1] *See Salutric*, 775 F.3d at 951 ("It was not plain error for the court to take into consideration statements from an individual or group that was not a named victim of the charged offense. In arriving at an appropriate sentence, a sentencing judge necessarily must consider not only the offense of conviction but the defendant's broader criminal record and history. Uncharged criminal acts (and the injuries inflicted upon the victims of those acts) have a bearing on whether the offense of conviction was an aberration or part of a larger pattern of criminal behavior, the likelihood of the defendant re-offending, and the need for specific deterrence.") (internal citations omitted).

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:  October 17, 2022

cc/ecf:  All counsel of record
U.S. Probation Office

---

[1] As the *Salutric* court observed, "due process requires that the defendant be sentenced on the basis of reliable information, which in turn entitles him to a reasonable opportunity to rebut any presentence information that he believes to be inaccurate." *Salutric*, 775 F.3d at 952 (internal citations omitted).  Defendant will not be deprived of that opportunity here, as he has advance notice of Mrs. Edquist's Victim Impact Statement, to the extent that the Court should consider it in fashioning a fair and just sentence in Defendant's case.