**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA    )
    )
v.    )
    )  Criminal No. 21-110
KHALED MIAH,    )
    )
    Defendant.    )

**MEMORANDUM ORDER**

Following a jury trial, Defendant Khaled Miah was found guilty of five counts of interstate threats, in violation of 18 U.S.C. § 875(c), one count of influencing and/or retaliating against FBI agents by threat, in violation of 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4), and one count of altering and deleting records in a federal investigation, in violation of 18 U.S.C. § 1519.  (Docket Nos. 276, 280).  On October 18, 2022, the Court sentenced Defendant to an aggregate term of 72 months' imprisonment followed by a 3-year term of supervised release.  (Docket Nos. 331, 333).

On October 21, 2022, Defendant filed a notice of appeal of the conviction and sentence to the United States Court of Appeals for the Third Circuit.   (Docket No. 334).  At the same time, Defendant moved for, and was granted, leave to proceed with his appeal *in forma pauperis*.  (Docket Nos. 335, 336).  Attorney Charles D. Swift, who works for the Constitutional Law Center for Muslims in America ("CLCMA"),[1] a non-profit organization, represented Defendant before this Court and remains his counsel on appeal.  (Docket No. 335-1, ¶¶ 1, 8).  Defendant is not paying legal fees or costs for Attorney Swift's services on appeal.  (*Id.*, ¶ 8).

---

[1] Attorney Swift explained that the CLCMA relies on grants and donations from members of the Muslim community and, due to its not for profit status, has been granted funds for experts under the Criminal Justice Act. (Docket No. 335-1, ¶ 8).  Defendant was granted such CJA funds in this case.  (*See* Docket Nos. 66, 180, 258, 315).

Presently before the Court is Defendant's Motion to Complete the Record Below – Docketing the Exhibits Admitted Into Evidence, wherein he requests that the Court "place the exhibits admitted at trial on the record, and audio and video recordings likewise be docketed and placed on the record and forwarded on a thumb drive to the Third Circuit Court of Appeals for consideration."[2]  (Docket No. 340 at 3).  Defendant makes this request because he intends to file his opening appellate brief on the original record and without an appendix pursuant to Federal Rule of Appellate Procedure 30(f) and Third Circuit Local Appellate Rule 30.2.  (*Id.* at 1).  The Government opposes Defendant's Motion, arguing that his request is improper and unnecessary as all trial exhibits that were admitted into evidence are part of the appellate record.  (Docket No. 341 at 1).  According to the Government, there is no rule requiring the district court to docket the trial exhibits, this Court properly docketed a complete Exhibit List, which specified all exhibits that were admitted, and in doing so the Court fulfilled its obligation to create a complete record.  (*Id.* at 1-2).  For reasons that follow, Defendant's Motion will be denied.

Initially, the Court notes that there is no rule, and Defendant has cited to none, which requires a district court to file the trial exhibits on the case docket.  Rather, this District's Local Rules provide that "[a]ll exhibits received in evidence . . . upon the hearing of any cause or motion, shall be presented to the deputy clerk, who shall keep the same in custody, unless otherwise ordered by the Court."  LCvR 5.1(I).  Further, "[t]rial exhibits shall be retained by the deputy clerk until it is determined whether an appeal has been taken from a final judgment.  In the event of an appeal, exhibits shall be retained by the deputy clerk until disposition of the appeal."  LCvR 5.1(K).  These Local Rules make clear that the deputy clerk must retain exhibits admitted at trial until the disposition of an appeal, but they do not require that the exhibits be filed on the case docket.  In

---

[2]       Defendant's request that the trial exhibits be filed on the case docket is the sole issue before this Court.

accordance with the Local Rules, the Court's deputy clerk has retained the exhibits that were admitted at trial in this case, and will continue to do so until Defendant's appeal is disposed of by the Third Circuit Court of Appeals.

To reiterate, Defendant has not cited any appellate rule or Third Circuit Local Appellate Rule which requires district courts to file trial exhibits on the case docket. Defendant's Motion references Federal Rule of Appellate Procedure 10(a)(1) and Third Circuit Local Appellate Rule 11.2, (*see* Docket No. 340 at 2, ¶¶ 2, 3), but those rules do not contain any such requirement. Rule 10(a)(1) specifies that composition of the record on appeal includes the original papers and exhibits filed in the district court. Fed. R. App. P. 10(a)(1). Third Circuit Local Appellate Rule 11.2 states that "[a] certified copy of the docket entries in the district court must be transmitted to the clerk of this court in lieu of the entire record in all counseled appeals." 3d Cir. L.A.R. 11.2. In the present matter, Defendant's case is a counseled appeal. Hence, the referenced rules are satisfied by the filed Exhibit List, which identifies the exhibits that were admitted at trial, (*see* Docket No. 279), and the electronic availability of the case docket. (*See United States v. Khaled Miah*, Case No. 22-2983, Docket No. 2) (indicating that the record is available on District Court CM/ECF).

Next, the Court is not required to file the admitted trial exhibits on the case docket simply because Defendant is proceeding with his appeal on the original record without filing an appendix. (*See* Docket No. 340 at 1). Although Defendant intends to proceed in that manner, the Third Circuit's order of May 4, 2023 advised his counsel "that the Court generally expects an appendix in counselled cases and copies of physical exhibits and video or audio exhibits in specific formats may be necessary for disposition of the case." (*See Miah*, Case No. 22-2983, Docket No. 20). Putting aside the Court of Appeals' general expectation of an appendix in counseled cases, the operative rules for proceeding on the original record do not contain any requirement that trial court

exhibits must be filed on the case docket.  *See* Fed. R. App. P. 30(f) (The Court of Appeals "may, either by rule for all cases or classes of cases or by order in a particular case, dispense with the appendix and permit an appeal to proceed on the original record with any copies of the record, or relevant parts, that the court may order the parties to file."); 3d Cir. L.A.R. 30.2 (permitting the appeal to be heard on the original record when an appellant has been granted permission to proceed *in forma pauperis*, but not specifying that trial exhibits must be filed on the case docket in such instance).

Finally, the Court notes that defense counsel's office contacted its chambers staff via email on April 11, 2023 at 6:22 p.m. to inquire about the procedure for filing trial exhibits on the case docket.  After taking time to verify the procedure with the Clerk's Office, the Court's deputy clerk advised via email on April 13, 2023 at 4:06 p.m. that this District does not file trial exhibits on the case docket, but rather the deputy clerk retains the exhibits while an appeal is pending and will provide them to the Court of Appeals if requested to do so.  According to the Motion, defense counsel's office subsequently inquired with the District Court Clerk's Office and Third Circuit case managers about this matter, and both supposedly were unaware of any such procedure. (Docket No. 340, ¶ 7).

To dispel any notion that the Court's staff provided incorrect information to defense counsel, the Court inquired directly with the Clerk of Court for the Western District of Pennsylvania about the procedure for handling trial exhibits.  The Clerk of Court confirmed that this District's procedure is as follows: an Exhibit List of the exhibits admitted at trial is filed on the case docket; the trial exhibits themselves are not filed on the case docket; and the deputy clerk retains the exhibits in accordance with this District's Local Rule 5.1(K).  As for the Court of Appeals' access to trial exhibits in a case where a party proceeds on the original record, the Clerk

4

of Court verified that a representative of the Third Circuit Clerk's Office will contact this District's Clerk's Office, the District Judge or counsel to obtain any trial exhibits that are not available on the District Court's case docket, if deemed necessary. Consequently, the Court is confident that its deputy clerk properly conveyed the applicable procedure to defense counsel nearly three full weeks prior to the filing of the instant Motion.

In this Court's estimation, it has complied with the District's Local Rules regarding the receipt and maintenance of exhibits admitted at trial in this case. The Court is not otherwise aware of any authority that requires it to file the trial exhibits on the case docket, and it declines to do so in this case for the reasons stated.[3]

Based on the foregoing, the Court enters the following Order:

AND NOW, this 5th day of May, 2023, IT IS HEREBY ORDERED that Defendant's Motion to Complete the Record Below – Docketing the Exhibits Admitted Into Evidence, (Docket No. 340), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge


cc/ecf: All counsel of record

---

[3] Defendant notes that 102 exhibits were admitted into evidence at trial, totaling 2,842 pages. (Docket No. 340 at 2, ¶ 1). Given this volume, the Court believes it would be a poor allocation of judicial resources to enlist Court staff to file the trial exhibits on the case docket, particularly given that it is unknown whether the Court of Appeals will need to refer to each and every exhibit to dispose of Defendant's appeal. Moreover, as the Government points out, defense counsel was provided copies of all trial exhibits, in hard copy and electronically, at the time of trial. (Docket No. 341 at 2). Accordingly, Defendant will not be prejudiced should the Court of Appeals expect his counsel to produce certain exhibits he possesses. (*See Miah*, Case No. 22-2983, Docket No. 20) (advising that the Court of Appeals "generally expects an appendix in counselled cases").